Fernald *v.* Lewis & al.

## FERNALD *vs.* LEWIS & *al.*

The liability of seceding members of a parish to contribute to the payment of its then existing debts, is created for the benefit of the parish alone.

The remedy for satisfaction of a judgment against a parish, by levy on the property of its members, is to be pursued against those only who were members at the time of the rendition of judgment, or, at farthest, at the time of commencement of the action.

If all the members of a parish withdraw, and thus dissolve the corporation :—*quære* whether its creditors may not have a remedy by action of the case, or by bill in Chancery, against those individuals on whom the liability would have remained had the corporation continued to exist.

Whether a seceding member of a parish, who does not join any other society, is liable, by a fair construction of *Stat.* 1821, *ch.* 135, *sec.* 8, for any other and greater portion of the then existing debts of the parish, than one who does ;—*dubitatur*.

The membership of a parishioner ceases, *ipso facto*, upon his filing a certificate pursuant to *Stat.* 1821, *ch.* 135, *sec.* 8.

IN trespass for taking a yoke of the plaintiff's steers, the defendants justified under an execution in favor of *Lewis* against the inhab-

itants of the second parish in *Kittery*; alleging the liability of the plaintiff's property to be taken in satisfaction of the judgment.

At the trial in the court below, it appeared that the claim of *Lewis* against the parish was for certain repairs done on their meeting-house, from *Sept.* 30, 1823, to *Aug.* 31, 1826, which was liquidated by an order drawn *March* 12, 1827, by the parish committee on the treasurer. A suit having been commenced on this order, judgment was rendered in favor of *Lewis* at *October* term 1828; on which execution was duly issued; by virtue of which the officer, who is the other defendant in this action, seized and sold the cattle in question, in due form of law.

It further appeared that the plaintiff, who was previously a member of the parish, on the 7th day of *Dec.* 1826, filed a certificate with the parish clerk, according to the statute, stating that he did not consider himself any longer a member, nor liable to pay any charges arising in the parish after that time; which certificate was duly recorded. And it also appeared that at the date of the certificate the plaintiff had been taxed for all monies previously voted by the parish, which taxes he had paid, excepting a tax of three hundred dollars assessed on the pews in the meeting-house.

Upon this evidence *Whitman C. J.* instructed the jury that the plaintiff was entitled to recover; for that although he might be liable to be assessed for the payment of debts due from the parish before he ceased to be a member, yet his property was not liable, after his membership ceased, to be taken in execution by a creditor of the parish. And they found for the plaintiff. To which the defendants excepted, according to the statute.

*Hayes* and *E. Shepley*, in support of the exceptions, took a distinction between the two classes of persons mentioned in *Stat.* 1821, *ch.* 135, *sec.* 8, seceding from the parish to which they belonged, viz.—those who joined another parish, and those who did not. The former are made liable only for the taxes actually assessed before they left the parish; probably because they assumed new burdens by uniting with another. And so is the law of Massachusetts. *Whittemore v. Smith*, 17 *Mass.* 347. But the *proviso* respecting the latter class of persons is peculiar to this State, and goes in effect to

34

render them liable for all the past expenses of the parish; as the condition of their liberty to withdraw. This construction gives effect to all parts of the section; and secures the rights of creditors, which otherwise might be destroyed by the secession of all the members of a parish, and its consequent dissolution. Upon this principle the plaintiff remained a member of the parish so far as respected his liability as such to prior creditors, whose rights ought not to be impaired by his act, without their consent.

*D. Goodenow* and *Burleigh,* for the plaintiff, cited *Windham v. Portland,* 4 *Mass.* 386; *Richards v. Daggett, ib.* 534; *Bond v. Appleton,* 8 *Mass.* 472; 1 *Bl. Com.* 484; *Vose v. Grant,* 15 *Mass.* 505; *Child v. Coffin,* 17 *Mass.* 64.

WESTON J. delivered the opinion of the Court at the adjournment of *May* term in *Cumberland,* in *August* following.

The defendants justify, in virtue of a judgment and execution thereon, recovered by *Lewis,* against the inhabitants of the second parish in *Kittery.* The justification must prevail, if, at the time of the rendition of judgment, the plaintiff was an inhabitant of that parish. The judgment was recovered in *October,* 1828. On the 7th of *December* 1826, the plaintiff filed with the clerk of the parish a certificate, stating that he did not consider himself a member of the parish; nor liable to pay any charges arising therein, after that date. Did he thereupon cease to be a member of the parish? We are of opinion that he did.

By the act concerning parishes, revised statutes, *ch.* 135, *sec.* 8, it is plainly indicated as the design and policy of the legislature, that the continuance of a member with the parish or society to which he belongs, or has attached himself, shall be purely voluntary. And when any member shall choose to withdraw himself from such society or parish, the mode of doing so is pointed out. It is not directly stated that he shall no longer be regarded as a member; but this is plainly implied by his withdrawing himself, which is provided for and sanctioned by the statute. Thereupon he is to be no longer liable for future expenses.

It has been urged, and we think justly, that it is implied that he

shall be liable for expenses, which had been incurred prior to his departure. The former part of the section made provision for the case of a member, who had been accepted as such by another society, and given notice thereof to the clerk of the society, he was about to leave. He is however held liable to be taxed for all monies raised by such society, before he ceases to be a member thereof. Whether this provision is to be limited to money duly voted by such society, or whether it may not be regarded as constructively including expenses lawfully incurred by the prudential officers of such society, it is not necessary now to determine. If it is to be restrained to monies voted, the departing members, who join another society, are more favored than those who do not. There does not seem to be any just ground for this difference. The mode in which the liability is to be enforced in the former part of the section is by taxation; no mode is pointed out, in regard to the implied liability in the latter part.

It has been insisted, that those who have claims upon the society for expenses incurred prior to the departure of a member, and the case before us is of that description, may hold his person and estate still liable to their judgment and execution. But we are not satisfified that the liability implied, after the member has withdrawn himself, can be enforced by this extraordinary remedy. It assumes that his membership, for this purpose, continues; but we do not feel warranted in making this deduction, from the language of the act. The provision was introduced for the benefit of the society from which the member seceded, that their burthens might not be increased, in regard to expenses before incurred. They have without doubt a remedy upon him, either by taxation or by a special action.

But it is inquired, what if all the members withdraw, or all who are responsible, shall the claims of creditors be thus defeated? To this it may be replied, that if the corporation is dissolved, it cannot be charged as a corporation. And if members have seceded, in pursuance of their statute privilege, they are no longer liable as such. Whether a remedy in such cases might not be afforded by an action on the case, or, upon contracts in writing, by a bill in chancery

against those upon whom a liability may still remain, although not as corporators, we are not called upon in this action to decide.

At common law, corporators are not answerable, in their persons or their private property, for the debts or liabilities of the corporation. But by the usage and practice, for it does not seem to have any other foundation, of Massachusetts and Maine, the case of towns and parishes forms an exception to this principle. But the liability is confined to inhabitants. The person and property of a citizen, who removes out of one town and becomes domiciled in another, is no longer subject to be taken upon an execution, in a suit subsequently instituted against the town from which he removed; although it might have issued upon a judgment for a debt which accrued prior to his removal. We do not feel at liberty to extend this peculiar remedy by construction; but hold its operation limited to those, who were members or inhabitants at the time of the rendition of judgment; or at most at the time of the commencement of the action.

*Exceptions overruled.*